IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                                    ) | Case No. 3:96-cr-51-TMH |
| ) | (WO- DO NOT PUBLISH) |
| DOUGLAS GENE MAYBERRY ) | |

**MEMORANDUM OPINION AND ORDER**

This cause is before the Court on Defendant Douglas Mayberry's ("Mayberry") Motion for Reduction of his sentence (Doc. # 960), filed April 11, 2011. In his motion, Mayberry requests that his sentence be reduced based on the November 2010 amendments to the United States Sentencing Guidelines, particularly § 5H1.11. After a jury trial ending December 17, 1996, Mayberry was found guilty of two counts, conspiracy to distribute and conspiracy to possess with intent to distribute marijuana in violation of 21 U.S.C. § 846 and laundering of monetary instruments in violation of 18 U.S.C. § 1956(a)(1)(A)(i). (Doc. # 441). Mayberry received a sentence of 292 months imprisonment on Count 1, and a sentence of 240 months imprisonment on Count 2, the sentences to be served concurrently. (Doc. # 542). Mayberry had a criminal history category of six under the sentencing guidelines, which added greatly to his sentence.

At the time Mayberry was sentenced, March 6, 1997, the Sentencing Guidelines stated that a defendant's military service was "not ordinarily relevant in determining

whether a sentence should be outside the applicable guideline range." U.S. Sentencing Guidelines Manual § 5H1.11 (1995).  In November 2010, nearly thirteen years after Mayberry was sentenced, the Sentencing Commission amended the guidelines, permitting judges to consider a defendant's military service when considering a departure from the guideline range if that service "is present to an unusual degree and distinguishes the case from the typical cases covered by the guidelines." U.S. Sentencing Guidelines Manual § 5H1.11 (2010).  Mayberry now requests that the Court reduce his sentence based on his service in the United States Army.

According to Mayberry, he was commissioned as a 1st Lieutenant at Ft. Lewis, Washington between at least 1971 and 1975.  He was battalion commander of two hundred men and was the only black commissioned officer at Ft. Lewis.  He received an honorable discharge from the Army in 1975.

Mayberry does not provide any legal grounds which would enable the Court to reduce his sentence, and despite Mayberry's honorable and commendable military service, the Court is unable to grant his request.  A federal court "generally may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c)(2). Section 3582(c)(2) authorizes courts to reduce a defendant's sentence if two criteria are met.  First, the defendant must have been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).

2

Second, § 3582(c)(2) requires that any reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

The amendment to 5H1.11 does not meet either of the statutory requirements. First, the amendment does not lower the applicable sentencing range for either crime involved in this case. Unlike Amendment 706 discussed above, 5H1.11 does not reduce the base offense level associated with any offense. In fact, 5H1.11 does not affect any punishment range for any specific crime. The amendment merely allows the Court to consider military service as a possible ground for departure. In contrast, consider Amendment 706, effective November 1, 2007, which changed the applicable range of punishment in crack cocaine cases. Amendment 706 reduced by two levels the base offense level associated with each quantity of crack cocaine. The amendment was made in an effort to reduce the disparity between punishments for possession of crack cocaine and punishments for possession of powder cocaine. By reducing the base offense level associated with crack cocaine, the amendment effectively lowered the applicable sentencing range for crimes involving the drug.

Second, any reduction in Mayberry's sentence based on § 3582(c)(2) would not be "consistent with applicable Commission policy standards." *Dillon v. United States*, ___ U.S. ___, 130 S. Ct. 2683, 2687 (2010). Section 1B1.10 of the Guidelines, the policy statement relevant to § 3582(c)(2), instructs that "a reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore not authorized

3

under 18 U.S.C. § 3582(c)(2)" unless § 1B1.10(c) lists the applicable amendment. Amendment 739, which changed the Court's ability to consider military service, is not included in the list of amendments contained in § 1B1.10.[1] Accordingly, any reduction in Mayberry's sentence would not be consistent with the Commission's policy statement and therefore has been expressly designated as not authorized under 18 U.S.C. § 3582(c)(2).

Last, the amendment has not been made retroactive, and therefore cannot support a reduction pursuant to § 3582(c)(2). *See Dillon*, 130 S. Ct. at 2688 ("When the Commission makes a Guidelines amendment retroactive, 18 U.S.C. § 3582(c)(2) authorizes a district court to reduce an otherwise final sentence that is based on the amended provision."). Four other decisions have also determined that a defendant's sentence could not be reduced based on the Commission's amendment of § 5H1.11. *See United States v. Escobar-Arias*, No. 96-CR-418, 2011 WL 133031, at *2 (E.D.N.Y. Jan. 14, 2011) (stating that the amendments to 5H1.11 "are not retroactive, and to treat them as retroactive would not be consistent with the policy statements of the Commission"); *United States v. Garcia*, No. 4:08CR000123-01 JMM, 2010 WL 5279941, at *1 (E.D. Ark. Dec. 17, 21010) (finding that based on 5H1.11 "[r]elief under 18 U.S.C. § 3582(c)(2) is unavailable to the Defendant."); *United States v. Wright*, No. 95-30024-02, 2010 WL 5056217, at *1 (W.D. La. Dec. 3, 2010) ("The amendments [to 5H1.11] were

---

[1] In *Dillon*, the United States Supreme Court held that upon application of 18 U.S.C. § 3582, the policy statement contained in § 1B1.10 is not merely advisory but is binding on the Court. *Dillon*, 130 S. Ct. at 2692–93.

4

not made retroactive, so as to permit the Court to re-sentence Wright under 18 U.S.C. § 3582(c)(2)."); *United States v. Montes*, No. CR F 08-0084 LJO, 2010 WL 4789194, at *2 (E.D. Cal. Nov. 17, 2010) (finding that a reduction under 5H1.11 "would not comport with § 1B1.10 or 18 U.S.C. § 3582(c)(2)").

For the foregoing reasons, it is hereby ORDERED that the Defendant's Motion for Reduction of Sentence (Doc. # 960) is DENIED.

Done this the 3rd day of May, 2011.

*/s/ Truman M. Hobbs*
TRUMAN HOBBS
SENIOR UNITED STATES DISTRICT JUDGE